UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
TIFFANY & CO. INTERNATIONAL, INC.,          :
                                            :   **ORDER CONFIRMING**
                              Plaintiff,    :   **ARBITRATION AWARD**
                                            :
        -against-                           :   09 Civ. 5845 (AKH)
                                            :
DHIRIM, INC.,                               :
                                            :
                              Defendant.    :
---------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        In 2007, Plaintiff Tiffany & Co. International, Inc. ("Tiffany Int'l") entered into an agreement to sell all the capital stock of Little Switzerland, Inc., a Caribbean retail jewelry chain, to NXP Corp.  The agreement required Tiffany Int'l and NXP to arbitrate any dispute arising from the calculation of Little Switzerland's working capital.  When such a dispute arose, the parties—Tiffany Int'l and Defendant Dhirim, Inc., to which NXP had assigned its rights—chose KPMG to arbitrate the dispute.  Luke Botica of KPMG received written submissions and, on April 27, 2009, awarded Tiffany Int'l the amount of $3,636,635.  Tiffany Int'l demanded payment on April 30, 2009, but Dhirim refused.

        On May 7, 2009, Dhirim filed an action in Michigan state court against Tiffany & Co. to vacate the award.  Tiffany & Co. removed the case to the United States District Court for the Eastern District of Michigan, and moved to dismiss on the ground that it was not a party to the stock purchase agreement and was not named in the award.  On July 15, 2009, the court denied the motion, and allowed Dhirim to amend its complaint to name Tiffany Int'l, rather than Tiffany & Co., as the defendant.

        Meanwhile, Tiffany Int'l had filed a petition to confirm the award in New York Supreme Court on June 8, 2009.  Dhirim removed the case to this Court on June 25, 2009, and

1

now makes two main arguments against confirmation:  first, that the arbitrator, Luke Botica of KMPG, was biased, and second, that the prior action pending doctrine requires that I defer to Dhirim's vacatur proceeding in the Michigan federal court.

I find that the arbitration was fair and that the arbitrator was unconflicted.  As evidence of bias, Dhirim first notes that KMPG had sought to provide tax and accounting services to Dhirim, but that Dhirim chose not to engage KMPG.  However, Dhirim was aware of this alleged fault at the time of the arbitration, and waived its right to object by waiting until issuance of an unfavorable award to do so.  See AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 139 F.3d 980, 982 (2d Cir. 1998).  Dhirim also notes that Mr. Botica found against Dhirim on a point which Tiffany Int'l had conceded, or at least offered to concede.  Such speculation about the cause of an adverse arbitral finding is insufficient to show "evident partiality" or prejudicial procedure.  See 9 U.S.C. § 10; British Ins. Co. of Cayman v. Water St. Ins. Co., Ltd., 93 F. Supp. 2d 506, 520 (S.D.N.Y. 2000).

As for Dhirim's prior action pending argument, I find it unnecessary to defer to the Michigan case.  If cases involving substantially the same issues are filed in different district courts, generally the court hearing the second case should exercise its discretion to stay or dismiss its case in favor of the first-filed case, unless the balance of conveniences or other special circumstances suggest otherwise.  See, e.g., Regions Bank v. Wieder & Mastroianni, P.C., 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001).  While neither party argues that either Michigan or New York is clearly the more convenient forum, special circumstances of timing and judicial economy prompt me to resolve this action without further delay.  Dhirim sought leave to amend its complaint in the Michigan case, to name Tiffany Int'l as a defendant, about one month after Tiffany Int'l filed this action to confirm the award.  As a result, the issue of the validity of the

award is now before me and ripe for decision. By contrast, as of July 27, 2009, Tiffany Int'l had not yet been served with process in the Michigan case. Dorsey Decl. ¶ 16. The first-filed rule avoids duplication of effort and promotes consistency of results. See Regions Bank, 170 F. Supp. 2d at 439. Applying these goals to the present facts, I find it appropriate to adjudicate the issues in the more advanced case.

Accordingly, I hereby confirm the April 27, 2009 arbitration award in favor of Tiffany Int'l. The Clerk shall enter judgment in the amount of $3,636,635, plus interest at the statutory rate of 9% per annum from thirty days after the date of the award. N.Y. C.P.L.R. §§ 5001, 5004.

The Clerk shall mark the case as closed.

SO ORDERED.

Dated: August 19, 2009
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3